IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| MARK LAVERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-4737 |
| | ) |
| UNDERDOG SPORTS INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Underdog Sports, Inc.[1] ("Underdog" or "Defendant"), through its undersigned counsel, hereby removes Case No. 2023 CH 02377 from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and, as grounds for its removal, states as follows:

## BACKGROUND

1. On March 10, 2023, Plaintiff, Mark Lavery ("Plaintiff" or "Lavery")[2], filed his Complaint ("Complaint") against Defendant in the Circuit Court of Cook County, Illinois (styled *Mark Lavery v. Underdog Sports Inc.*, Case No. 2023 CH 02377 (the "State Court Action")). As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders, including the Complaint, are attached as *Exhibit A*.

---

[1] Underdog Sports Inc. merged into Underdog Sports LLC, a Delaware limited liability company.

[2] Mark Lavery is also an attorney admitted to practice in the State of Illinois.

2. Plaintiff served Defendant with a summons and the Complaint on June 27, 2023 (*i.e.*, less than 30 days prior to the filing of this Notice of Removal, such that this Notice is timely under 28 U.S.C. § 1446(b)(1).

3. The Circuit Court of Cook County is located in the Northern District of Illinois.

4. According to the Complaint, Plaintiff seeks injunctive relief, declaratory relief, attorney's fees, punitive damages and asserts a claim under the Illinois Attorney Act 705 I LCS 205/1. (Complaint, pg. 1).

5. The Illinois Attorney Act generally provides that no person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license and that no person shall receive any compensation directly or indirectly for any legal services other than a regularly licensed attorney, nor may an unlicensed person advertise or hold himself or herself out to provide legal services. 705 I LCS 205/1.

6. The Illinois Attorney Act provides further that a person engaged in the unauthorized practice of law is guilty of contempt of court and may be punished accordingly, upon a complaint being filed in any Circuit Court of this State. Available remedies available include, but are not limited to: (i) appropriate equitable relief; (ii) a civil penalty not to exceed $5,000, which shall be paid to the Illinois Equal Justice Foundation; and (iii) actual damages. 705 I LCS 205/1.

7. According to his Complaint, Plaintiff alleges that he has "filed lawsuits to take on illegal gambling using the Illinois Loss Recovery Act" (the "LRA") and he "seeks to stop gamblers engaged in regulatory arbitrage which involves intentional criminal conduct and efforts to hide their criminal conduct." (Complaint, ¶¶4-5).

8. Plaintiff alleges generally that gambling in Illinois subjects gamblers to arrest and loss recovery lawsuits. (Complaint, ¶¶17).

9. Plaintiff alleges in his complaint that both "gamblers" [Ratajczyk and Beimfohr] won this money from Underdog, and that Underdog "is taking control of the legal defense of Randy Ratajczyk and Erik Beimfohr." (Complaint, ¶¶ 7, 19).

10. Plaintiff alleges further that Defendant "is giving bad legal advice to Ratajczyk and Beimfohr, that Plaintiff's claims are frivolous and will be indemnified for the liability of Ratajczyk and Beimfohr to Plaintiff." (Complaint, ¶ 16).

11. Plaintiff further alleges that "Underdog provides bad advice in graphic form to people in Illinois and to gamblers throughout the U.S. Underdog Sports Inc. provides a fifty state survey on bad advice and false information. Gambling on 'pick em', which is its name for an over/under player proposition parlay wager, is not in accordance with the Sports Wagering act. Gambling in the states below, including Illinois, subject gamblers to arrest and loss recovery lawsuits." (Complaint, ¶ 17).

12. Plaintiff references to two specific lawsuits he has filed, one filed in Washington County against Randy Ratajczyk and one filed in St. Clair County against Erik Beimfohr. (Complaint, ¶¶6).

13. A copy of the Amended Complaint in the Washington County matter (the "Ratajczyk Complaint") is attached hereto as *Exhibit B*. In that case, Plaintiff alleges that Defendant Ratajczyk won various betting contests totaling $1,611,848.10 as a result of alleged "sports wagers." (*See generally* Ratajczyk Complaint). In that case alone, Lavery seeks to recover the amount won by Ratajczyk, trebled, or at least $4,835,544.30.

14. A copy of the Amended Complaint in the St. Clair County matter (the "Beimfohr Complaint") is attached hereto as *Exhibit C*. In that case, Plaintiff alleges that Defendant Beimfohr won various betting contests totaling $1,122,355.26 as a result of alleged "sports wagers." (*See*

3

N/A
N/A

*generally* Beimfohr Complaint). In that case alone, Lavery seeks to recover the amount won by Beimfohr, trebled, or at least $3,367,065.78.

15. Generally speaking, Plaintiff Mark Lavery is an attorney who serially files lawsuits against lawful online gaming operators and their customers in an attempt to assert claims under the Illinois Loss Recovery Act.[3]

16. Plaintiff also alleges that Underdog "falsely advertises" that Underdog Fantasy is legal in Illinois. (Complaint, ¶ 20).

17. Lastly, Plaintiff concludes that Underdog is "engaging in the unauthorized practice of law in Illinois as part of its criminal regulatory arbitrage business." (Complaint, ¶ 22).

18. Plaintiff alleges that Underdog has "harmed Plaintiff" in an unspecified manner and that Plaintiff "has loss [sic] business opportunities because of the unauthorized practice of law in the form of clients who would sue Underdog Sports Inc." (Complaint, ¶ 24).

19. Based upon these factual allegations, Plaintiff seeks judgment in his favor and against Underdog as follows:

    a. Appropriate equitable relief;

    b. Civil penalty of $5000, which shall be paid to the Illinois Equal Justice Foundation;

    c. Actual damages;

    d. Punitive damages;

---

[3] For examples of current and past gambling loss recovery lawsuits filed by Lavery: *Lavery v. Erik Beimfohr, et al.*, St. Clair County, Illinois Case No. 2023-LA-0185; *Lavery v. SidePrize LLC, et al.*, Cook County, Illinois Case No. 2022-CH-02437; *Crespo v. Saul*, United States District Court for the Northern District of Illinois Case No. 2010-cv-05378; *Crespo v. Zaucha, et al.*, United States District Court for the Northern District of Illinois Case No. 2010-cv-05536; *Langone v. Olisar*, United States District Court for the Northern District of Illinois Case No. 2012-CV-02004; *Langone v. Sobot*, United States District Court for the Northern District of Illinois Case No. 12-CV-01646; *Langone v. DraftDay, Inc.*, United States District Court for the Northern District of Illinois Case No. 2013-CV-05649; and *Langone v. Kaiser*, United States District Court for the Northern District of Illinois Case No. 2012-CV-2073.

   e. Attorney's fees and costs.

Complaint, p. 5.

## DIVERSITY OF CITIZENSHIP

20. Complete diversity exists in this matter.

21. Plaintiff is a citizen of and is domiciled in Illinois. (Complaint, *Ex. A*, ¶ 1).

22. Defendant is a Delaware limited liability company with its principal place of business in Brooklyn, New York. *See* Declaration of Kristen Mitchell (the "Mitchell Declaration") attached hereto as *Exhibit D*. Defendant's sole member is Underdog Sports Holdings, Inc., a Delaware Corporation with its principal place of business in Brooklyn, New York. *See id.*

23. The citizenship for purposes of the diversity analysis of a corporation count as a domicile in both the state of organization and location of the principal place of business/headquarters. Here, with respect to Defendant, a corporation, Delaware and New York are the states in which Defendant are domiciled.

24. Accordingly, plaintiff is not a citizen of any state in which defendant is a citizen, and complete diversity exists for purposes of 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

25. The Complaint does not contain an express *ad damnum* identifying an amount in controversy. Instead, Plaintiff seeks a $5,000 civil penalty, unspecified actual damages, unspecified punitive damages, and unspecified equitable relief.

26. The injunctive relief sought alone – to prevent Underdog from advertising and otherwise representing that its services are lawful in the State of Illinois – carries with it a value well in excess of $75,000. (Mitchell Declaration, ¶¶ 8-14). [4]

---

[4] While not required, to avoid any doubt regarding the facts addressed herein regarding the value of the litigation to Underdog, Defendant attaches hereto the Mitchell Declaration. *See also Dart Cherokee Basin Operating Co., LLC v.*

5

27. When a plaintiff seeks injunctive relief in a complaint and does not set forth an amount in controversy in the *ad damnum* or otherwise, the amount in controversy for purposes of 28 U.S.C. §§ 1332, 1441, and 1446 is properly determined by reference to the value of the object of the litigation. *America's Money Line, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004) (holding that "[w]e have adhered to the rule that the value of the object of the litigation is the 'pecuniary result' that would flow to the plaintiff (or defendant) from the court's granting the injunction or declaratory judgment"); *BEM, LLC v. Anthropologies, Inc.*, 301 F.3d 548, 553-54 (7th Cir. 2002) (holding "the jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit."). Stated differently,

> [I]t is well-settled that the amount in controversy [in cases seeking injunctive relief] is to be measured for subject matter jurisdiction purposes by the value of the right that the plaintiff seeks to enforce or to protect against the defendant's conduct or the value of the object that is the subject matter of the action. . . . . [W]hen a person seeks an injunction or other form of specific relief, such as specific performance, it is the value to the plaintiff to enjoy the property business, or personal affairs that constitute the subject of the action free from the activity sought to be enjoined or the benefit of the conduct requested to be mandated that is the yardstick for measuring whether the amount in controversy requirement has been satisfied.

14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3708, *Amount in Controversy, Injunctive and Declaratory Relief*, p. 751-52 (West 2011). *See also Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333 (1977); *Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, 309 F.3d 978, 983 (7th Cir.2002).

---

*Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); 28 U.S.C. § 1446(a) (notice of removal need only contain a "short and plain statement of the grounds for removal"). Notwithstanding the foregoing, and if necessary, Defendant reserves the right to and will submit additional evidence necessary to demonstrate that the cost to Defendant of Plaintiff obtaining the relief he seeks exceeds the value of $75,000.

28. While Plaintiff does not specify the nature or extent of the equitable relief sought, based upon the breadth of the allegations including false advertising that the Defendants contests are lawful, advising consumers that its services are lawful and the stated purpose of the Plaintiff to "stop gamblers engaged in regulatory arbitrage which involves intentional criminal conduct and efforts to hide their criminal conduct," it seems clear that plaintiff seeks a declaration that Defendant's services and advertisements are unlawful in the State of Illinois and that Underdog may not advertise or inform consumers that its services are lawful. In addition, Plaintiff's suit seeks to resolve whether Underdog is engaged in the unauthorized practice of law and to enjoin the same. In short, between seeking a declaration that the Defendant's services are unlawful and that they may not advise consumers to the contrary, the net effect of the Plaintiff's action is, as pleaded, to prevent Defendant from marketing and conducting its business within the state of Illinois.

29. Here, the value of the object of the litigation is the value to Defendant of continuing to provide daily fantasy sports to Illinois residents, which is in excess of $75,000, exclusive of interest and costs. *See* Mitchell Declaration, ¶¶ 6-7.

30. Moreover, Defendant is subject to stiff and continually mounting competition in Illinois. If the Court declares that Defendant must effectively cease its advertising in Illinois, Defendant stands to lose in excess of $75,000 in revenue and future customers because it will be unable to maintain its current market share in Illinois. Mitchell Declaration, ¶ 14.

31. It is also apparent that the value of the LRA-litigation clients, which Plaintiff alleges he has lost, exceeds $75,000. In just the two lawsuits Lavery has filed in Washington County and St. Clair County, the amount sought, exclusive of fees and costs, is $8,202,610.08. These two lawsuits are illustrative with respect to the type of client and lawsuit which Lavery

attempts to link to the Defendant's alleged unauthorized practice of law and false advertising in the State of Illinois.

32. Plaintiff also claims that, with respect to these two suits, Underdog is allegedly providing bad legal advice to Beimfohr and Ratajczyk by defending and agreeing to indemnify them. Underdog has the right to defend and indemnify third parties to support its business if it chooses to do so, and that right of indemnity alone involves potentially $8,202,610.08, exclusive of attorney's fees and costs related to the defense.

33. Notably, further, Plaintiff seeks punitive damages as well as attorney's fees damages, which alone would likely exceed $75,000 in this complex case.

34. Based on the foregoing facts, the value of the object of the litigation from each of the Plaintiff's perspective and the Defendant's perspective vastly exceeds the sum of $75,000 exclusive of interest and costs.

35. As such, the dispute between Plaintiff and Defendant is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and it is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

**REMOVAL**

36. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

37. Removal of the state action is therefore appropriate under 28 U.S.C. § 1441.

38. Because the Complaint was originally filed in the Circuit Court of Cook County, the Northern District of Illinois is the appropriate federal district having jurisdiction over, or "embracing," the place where the state action is pending under 28 U.S.C. § 1441(a).

39. In removing this action, Defendant does not intend to waive any rights or defenses to which it is otherwise entitled, and Defendant expressly reserves the right to assert all such defenses at a later time under Rule 81.

40. In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, and is being served simultaneously upon Plaintiff.

41. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and in accordance with 28 U.S.C. § 1446. The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned counsel based upon a review of the materials available.

42. Based on the foregoing, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Defendant, hereby removes this action to this Honorable Court, and respectfully request that this Court assume jurisdiction over this matter, and take all further action as may be required to determine this controversy.

                                    UNDERDOG SPORTS INC.

                                    By: /s/ *Keith M. St. Aubin*
                                                    One of their Attorneys

William M. Gantz
Keith M. St. Aubin
Edward J. Keating
Paris Mayfield

DUANE MORRIS LLP
190 S. LaSalle St. – Suite 3700
Chicago, IL 60603
312-499-6700
bgantz@duanemorris.com
kstaubin@duanemorris.com
ejkeating@duanemorris.com
pgmayfield@duanemorris.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 21, 2023, he caused the foregoing notice to be electronically filed with the Court, using the electronic filing service provider of CM/ECF, and to be served via electronic mail upon:

Christopher V. Langone
205 North Michigan Ave., Suite 810
Chicago, IL 60601
(312) 720-9191
LangoneLaw@gmail.com

/s/ *Keith M. St. Aubin*