IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| MARK LAVERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-04737 |
| ) | |
| UNDERDOG SPORTS INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT, UNDERDOG SPORTS, INC.'S [1] RULE 12(B)(6) MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S AMENDED COMPLAINT

Defendant, Underdog Sports, LLC ("Underdog"), through its undersigned counsel, for its motion to dismiss and/or strike (the "Motion") Plaintiff, Mark Lavery's ("Plaintiff") Amended Complaint (Dkt. No. 16) pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

In response to Underdog's first motion to dismiss (Dkt. No. 9), Plaintiff abandoned the only claim upon which he initially sought relief, an alleged violation of Illinois Attorney Act (705 ILCS 205/1). (*Compare* Dkt. No. 2-1 (original Complaint), *with* Dkt. No. 16 (Amended Complaint)). In his Amended Complaint, Plaintiff now asserts a claim seeking a "bounty" from a "winner" of fantasy sports contests under the Illinois Loss Recovery Act, 720 ILCS 5/28-8(b) (the "LRA"). But Plaintiff fails to allege specific facts to support such a claim because *Dew-Becker*, which interpreted the exemption for games of skill under 720 ILCS 5-28-1(b)(2), is dispositive of this case. Plaintiff unmistakably seeks to avoid the facts concerning the fantasy contests at issue because those facts are doomed under *Dew-Becker* and the predominate factor test.

---

[1] Plaintiff named Underdog Sports Inc. as the Defendant. However, Underdog Sports, Inc. is now Underdog Sports LLC, a Delaware limited liability company.

Based on the foregoing, and for the reasons addressed below, the Court should dismiss this LRA claim, with prejudice, because:

i) the Illinois Supreme Court decision in *Dew-Becker v. Wu*, 2020 IL 124472, confirms that the fantasy sports contests at issue here do not constitute illegal gambling and are not, therefore, actionable under the Illinois Loss Recovery Act (the "LRA"), 720 ILCS 5/28-8(b);

ii) Plaintiff improperly seeks to sue on behalf of unknown "losers" upon unidentified fantasy sports contests;

iii) Plaintiff cannot step into the shoes and claim the losses of a professional gambler; and

iv) Because Plaintiff's conclusory allegations regarding alleged violations of the Illinois Sports Wagering Act (230 ILCS 45/5 *et seq.*) and the Interstate Wire Act (18 U.S.C. § 1084) fail to plead a viable cause of action.

In support of its Motion, Underdog files herewith and incorporates herein by reference its Memorandum of Law.

WHEREFORE, for the reasons set forth here and in its Memorandum of Law, Defendant respectfully requests that this Honorable Court enter an order dismissing Plaintiff's Amended Complaint with prejudice pursuant to Rule 12(b)(6), as Count I should be dismissed with prejudice. Defendant also submits, independently, that Plaintiff's prayer for relief (C) seeking treble damages based upon amounts lost in excess of $50 by unidentified persons should be dismissed or stricken for failure to identify such alleged losers or the timing of or type of events upon which they allegedly gambled; and that Plaintiff's prayer for relief (B) seeking treble damages based upon all amounts lost by Beimfohr should be dismissed or stricken pursuant for failure to identify the timing of or type of events upon which Beimfohr allegedly gambled and lost. Finally, Defendant requests such additional relief the Court deems just and equitable.

          UNDERDOG SPORTS, LLC

          By: /s/ *Keith M. St. Aubin*
               One of its Attorneys

William M. Gantz
Keith M. St. Aubin
Edward J. Keating
Paris Mayfield
DUANE MORRIS LLP
190 S. LaSalle St. – Suite 3700
Chicago, IL 60603
312-499-6700
bgantz@duanemorris.com
kstaubin@duanemorris.com
ejkeating@duanemorris.com
pgmayfield@duanemorris.com

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on September 11, 2021, he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

                                                                   /s/ *Keith M. St. Aubin*